UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

LAURENCE DAY,

          Plaintiff,

vs.

CONTINENTAL FINANCE COMPANY
LLC,

          Defendant.

Case No. 15-cv-1321

---

## COMPLAINT

---

NOW COMES, Plaintiff, Laurence Day, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Continental Finance Company LLC and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1.      This lawsuit arises from a credit report dispute and incorrect reporting of a debt that has been fully paid.

2.      Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Wisconsin Consumer Act, Wis. Stat. § 421 *et seq.* ("WCA").

### Jurisdiction and Venue

3.      Plaintiff brings this action for alleged violation of the FCRA.

4.     This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

5.     This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

6.     This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FCRA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendant resides.  Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

### Parties

8.     Plaintiff Laurence Day (hereinafter "Mr. Day") is a natural person who resides in the city of West Allis, County of Milwaukee, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant Continental Finance Company, LLC (hereinafter "Defendant Continental") is a foreign corporation with a principal office of 121 Continental Drive, Suite 108, Newark, DE 19713 and a registered agent of Lamiaa E. Elfar, 121 Continental Drive, Suite 108, Newark, DE 19713.

10.     Defendant Continental is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

2

## Factual Allegations

11.     Mr. Day had a credit card with Defendant Continental.

12.     Mr. Day paid off what he owed to Defendant Continental in July 2015.

13.     However, Defendant Continental continued to report a balance due of $112.

14.     On September 23, 2015, Mr. Day disputed the information with Trans Union LLC.

15.     Trans Union LLC conveyed the information to Defendant Continental.

16.     However, Defendant Continental verified the false balance.

17.     Mr. Day was in the process of obtaining a home mortgage, and this information was effecting his ability to obtain that home mortgage.

## Count 1 – Violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.*)

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendant Continental, as owner of Mr. Day's account, prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

20.     Defendant Continental violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available (namely that the account was paid in full), and by failing to update Plaintiff's credit report to accurately reflect the status of the account.

21.     As a result of Defendant Continental's failures to correct their erroneous and derogatory credit reporting, much of which is ongoing, Plaintiff has suffered reduced credit

access, emotional distress, embarrassment, helplessness, hopelessness, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

22.    Because it appears Defendant Continental failed to investigate Mr. Day's dispute, Defendant Continental's violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

23.    Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Count 2 – Violations of the WCA (Wis. Stat. § 427.104)

24.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    The amount that Defendant Continental was attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

26.    Defendant Continental's conduct violated 427.104(1)(c) in that their conduct as described herein could reasonably be expected to adversely affect Mr. Day's reputation for credit worthiness by reporting that he owed money when he in fact did not.

27.    As a result of Defendant Continental's conduct, the Plaintiff has suffered a detriment to his credit rating and emotional distress in an amount to be determined at trial.

28.    Defendant Continental is liable to Mr. Day for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

## Trial by Jury

29.    Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Mr. Day prays that this Court will enter an Order:

A.     For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);

B.     Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a);

C.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

D.     Actual, statutory, and punitive damages pursuant to Wis. Stat. §427.105;

E.     Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and

F.     For such other and further relief as may be just and proper.


Dated this 6th day of November, 2015.

DeLadurantey Law Office, LLC

s/ Heidi N. Miller
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI  53233
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Laurence Day, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Laurence Day